38 F.3d 1213
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Harvey Dewitt CALLAHAN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harvey Dewitt CALLAHAN, Defendant-Appellant.
 Nos. 93-5283, 93-5773.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 12, 1994.
Decided October 14, 1994.
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, District Judge. (CR-93-4-BR)
 W. James Payne, Powell & Payne, Shallotte, NC, for appellant.
 J. Douglas McCullough, U.S. Atty., John S. Bowler, Asst. U.S. Atty., Raleigh, NC, for appellee.
 E.D.N.C.
 DISMISSED IN NO. 93-5283 AND AFFIRMED IN NO. 93-5773.
 Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Harvey Dewitt Callahan appeals from his conviction and sentence for mail fraud in violation of 18 U.S.C.A. Sec. 1341 (West Supp.1994). Callahan argues that there was insufficient evidence to find him guilty of mail fraud. Furthermore, Callahan asserts that the district court erred in increasing his offense level for conduct involving more than minimal participation and for misrepresenting himself as a government agent. We disagree.
 
 
 2
 * The evidence at trial demonstrated that Callahan attempted to extort $225,000 from the Lennon family by posing as a narcotics officer with a case against Rudy Lennon. On December 10, 1992, Callahan called Mary Lennon, Rudy's mother, stated that he was "agent O-Z," and informed her that he and his partner had just apprehended two drug couriers who claimed that the two kilograms of cocaine in their possession were to be delivered to Rudy.
 
 
 3
 On the evening of December 11, Callahan called Rudy, identified himself as "agent O-Z," and stated that because drugs had been found on his property, everyone at his house could be arrested. Callahan also claimed that Rudy's children would be taken to social services and all his property would be forfeited. Callahan ended the conversation with the statement that he would call again the next day at about 3:00.
 
 
 4
 On December 12, Callahan called and informed Rudy to send $225,000 to a company in South Carolina if he wanted to avoid being arrested. He repeatedly threatened to have Rudy's entire family arrested and his children sent to social services. On three separate occasions, Callahan referred to the "federal" authority as having jurisdiction over the investigation. Rudy recorded this conversation. In addition, Callahan telephoned, the post office in Conway, South Carolina, and inquired about picking up mail and about opening a post office box.
 
 
 5
 In the interim, Postal Inspector Charles Wehner and Lieutenant Phillip Little devised a plan to apprehend Callahan. Lieutenant Little wrote out a check, which Max Lennon, Rudy's father, had signed, and placed it in the mail in Elizabethtown, North Carolina. (J.A. at 143-44). On December 28, Callahan was arrested as he carried the check out of the Conway Post Office.
 
 
 6
 Callahan was tried before a jury and convicted on March 18, 1993. Finding that his conduct involved more than minimal planning and that he represented himself as a federal agent, the district court enhanced his offense level and sentenced him to fifty-one months of incarceration and three years of supervised release. Callahan appeals,* alleging that there was insufficient evidence to find him guilty of mail fraud, that the district court erred in finding that the offense involved more than minimal planning, and that the district court erred in finding that he misrepresented that he was acting on behalf of a government agency.
 
 II
 
 7
 Callahan argues that there was insufficient evidence to find him guilty of mail fraud. He contends that the Government failed to present evidence that he knew or had reason to know that the mails would be used.
 
 
 8
 In evaluating the sufficiency of evidence to support a conviction, we view the evidence in the light most favorable to the Government, and determine if any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). Furthermore, we accord the benefit of all reasonable inferences to the Government. Tresvant, 677 F.2d at 1021.
 
 
 9
 In order to support a verdict of guilty of mail fraud, the evidence must have demonstrated that: (1) Callahan knowingly participated in a fraudulent scheme, (2) the mails were used to implement the scheme, and (3) someone connected with the scheme caused the use of the mails. United States v. Odom, 736 F.2d 104, 109 (4th Cir.1984). The Government did not have to prove that Callahan mailed the document himself; it met its burden if it was reasonably foreseeable that the use of the mail would result from the scheme. United States v. Contenti, 735 F.2d 628, 631 (1st Cir.1984).
 
 
 10
 Although the Government did not produce evidence of Callahan's specific knowledge that the mails would be used, there was sufficient evidence that Callahan should have reasonably foreseen the use of the mails. Callahan informed Rudy to send $225,000 to a company in South Carolina. On four separate occasions, Callahan telephoned the Conway Post Office, inquiring about picking up mail and about opening a post office box. In considering circumstantial, as well as direct evidence, and allowing the Government the benefit of all reasonable inferences from the facts proven to those sought to be established, Tresvant, 677 F.2d at 1021, we find this evidence sufficient to prove that Callahan knew or had reason to know that the mails would be used in furtherance of his scheme.
 
 III
 
 11
 Callahan argues that the district court erred in finding that he engaged in more than minimal planning and in finding that he misrepresented that he was acting on behalf of a government agency. Reviewing the district court's factual determination for clear error, United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir.1989), we affirm Callahan's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 No. 93-5283--DISMISSED
 No. 93-5773--AFFIRMED
 
 
 *
 Callahan filed a premature appeal prior to the sentencing hearing, and he filed another Notice of Appeal on September 13, 1993, six days after sentencing. We consolidated the cases on appeal. Because No. 93-5283 is premature, see Pollard v. United States, 352 U.S. 354, 358 (1957), we dismiss that appeal. We review Callahan's conviction and sentence in No. 93-5773